IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40184
Summary Calendar

_____


REYNALDO PEREZ,

                    Plaintiff-Appellee-Cross-Appellant,

     versus

WELDON LUCAS; ET AL.,

                    Defendants,

WELDON LUCAS; DENTON COUNTY, TEXAS,

                    Defendants-Appellants-Cross-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CV-9)
- - - - - - - - - -

March 10, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

     This appeal and cross-appeal challenge the validity of attorneys' fees awarded by the district court as part of the settlement in a 42 U.S.C. § 1983 case. We affirm the district court's ruling on attorneys' fees, and we dismiss the cross-appeal for lack of jurisdiction.

     *.   Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reynaldo Perez filed a § 1983 complaint against five defendants and reached a settlement with two of them, Denton County and Sheriff Weldon Lucas (the "Defendants"), for $10,000 plus costs and reasonable attorneys' fees as determined by the district court. Perez's attorneys filed affidavits supporting a request for approximately $60,000 in fees. The district court held an evidentiary hearing on the matter of attorneys' fees and on November 19, 1997 entered an order finding that reasonable compensation for the attorneys was $8,000. The order also found that expenses for the case totaled $682.12 and that Perez's attorneys should be sanctioned $1,000 for bad faith in their request for attorneys' fees.

The Defendants filed a motion for reconsideration and motion for entry of judgment on December 2, 1997. Perez likewise filed a motion for reconsideration on December 8. On January 2, 1998, the district court entered its final judgment awarding Perez's attorneys $7,000 in fees ($8,000 minus the $1,000 sanction) "plus cost of this action." The district court did not rule, and has not yet ruled, upon the December 2 and December 8 motions for reconsideration. On January 23, the Defendants appealed the attorneys' fee award as excessive. One month later, on February 23, the district court made a *sua sponte* correction to its January 2 final judgment to clarify that the unspecified "cost of

this action" totaled $682.12, the amount enumerated in the

November 19 order. On March 23, 1998, Perez filed a notice of cross-appeal.

The Defendants argue that Perez's cross-appeal must be dismissed as untimely under Federal Rule of Appellate Procedure 4, as Perez's notice of appeal was filed more than 30 days after the district court entered its final judgment on January 2, 1998. Perez responds that the district court's February 23 correction made a substantive change to the January 2 judgment and thus constituted an amended final judgment, within 30 days of which the notice of cross-appeal was filed.

The district court's correction specifies that the court issued it pursuant to Federal Rule of Civil Procedure 60(a), which allows a court to correct clerical mistakes in a judgment. A correction issued under Rule 60(a) does not extend a party's time to file an appeal. *See Danning v. Graco Enters., Ltd. (In re Cobb)*, 750 F.2d 477, 479 (5th Cir. 1985). Perez argues that the district court's correction does not fall under Rule 60(a) because it makes a substantive change in the judgment. This Court handled a similar issue in *Dura-Wood Treating Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982). There we found that the trial court's correction of the amount of attorneys' fees awarded was not a substantive change where the record evinced that the trial court intended, as the parties knew, to enter one amount but mistakenly entered another. Such is the case here. With the district court's November 19, 1997 order in the record, the court's intent to award costs of $682.12 was clear

and its oversight in failing to specify the amount in its judgment was no more than a clerical error. *See Britt v. Whitmire*, 956 F.2d 509, 512-15 (5th Cir. 1992) (reviewing Fifth Circuit standards for determining whether a trial court's corrective action would fall under Rule 60(a)). Perez therefore missed the deadline under Federal Rule of Appellate Procedure 4(a) when he failed to file his notice of cross-appeal within 30 days of January 2, 1998.

Perez did not file a timely notice of cross-appeal under Federal Rule of Appellate Procedure 4. Accordingly, we dismiss the cross-appeal for lack of jurisdiction.

### III

Perez argues that two motions for reconsideration[1] remain outstanding and the Defendants' notice of appeal is premature until the motions are resolved.[2] Both Perez and the Defendants filed Rule 59(e) motions for reconsideration, which are among the type of motions mentioned in Federal Rule of Appellate Procedure 4(a)(4). *See* Fed. R. App. P. 4(a)(4)(C); *Madison v. Vintage Petro., Inc.*, 114 F.3d 514, 516 (5th Cir. 1997). The time to file an appeal from a final judgment runs from the date that the trial

---

1.  The two motions for reconsideration concerned only the district court's determination of reasonable attorneys' fees and not its determination of expenses, the subject of the clerical error in the final judgment. No argument could be made that, because of the motions for reconsideration, the record left doubt as to what amount the court intended to award for expenses.

2.  We note that Perez, curiously, seems to argue against the timeliness of his own cross-appeal, as well as that of the Defendants' appeal.

-4-

court disposes of the last outstanding Rule 4(a)(4)-type motion. This holds true even if the motion is filed before the district court enters its final disposition in the case. *See Kinsey v. Farmland Indus., Inc.*, 39 F.3d 603, 606 (5th Cir. 1994). Also, a notice of appeal filed after final judgment but before the district court rules on a Rule 4(a)(4)-type motion is premature and insufficient to give an appellate court jurisdiction over the appeal. Hence, we must decide whether Perez is correct that the two Rule 59(e) motions remain outstanding. If the district court has not ruled on those motions, then the Defendant's appeal is untimely and must be dismissed for want of jurisdiction.

It is clear that the district court has not expressly ruled on the two Rule 59(e) motions for reconsideration. The entry of final judgment does not per se decide all motions pending before the trial court. Nevertheless, there exists ample precedent in this Circuit for the proposition that a district court's final judgment may impliedly deny an outstanding motion.[3] Because the

---

3. *See Unida v. Levi Strauss & Co.*, 986 F.2d 970, 974 (5th Cir. 1993) ("Although the district court did not expressly deny the Plaintiffs' motion to dismiss and remand, by entering summary judgment on all of the Plaintiffs' claims, the district court impliedly denied the motion."); *Moya v. Estelle*, 696 F.2d 329, 331 (5th Cir. 1983) ("The other two motions were 'disposed of.' The district court did not specifically address them, but his denial of Moya's petition for habeas corpus relief implicitly overruled them."); *Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A 1981) ("The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment . . . or of an order inconsistent with the relief sought by the motion."); *United States v. Pan Am World Airways, Inc.*, 299 F.2d 74, 76 (5th Cir. 1962), *rev'd on other grounds sub nom. Gondeck v. Pan Am World Airways, Inc.*, 382 U.S. 25, 86 S. Ct. 153 (1965) (holding that the time for filing an appeal tolls where "the motion [to

district court entered judgment concerning the very subject of the Rule 59(e) motions--i.e., it adopted as final the November 19 order's position on attorneys' fees--the judgment necessarily implies that the district court denied the motions to reconsider the attorneys' fees awarded. *Cf. Dunn v. Truck World, Inc.*, 929 F.2d 311, 313 (7th Cir. 1991) (holding that, for purposes of timely filing a notice of appeal, "[w]hen a party files a pre-judgment motion for a new trial, the judgment itself is the order 'denying a new trial'"). We realize that a case-by-case approach to the effect of final judgments on pending motions and time to appeal always requires caution. *See* 20 James Moore, *Moore's Federal Practice* § 304.13[5] (3d ed. 1997) ("It seems unfair to require parties to guess at the implications of the entry of judgment, especially since a fair reading of Appellate Rule 4(a) assures them that the making of a timely motion terminates the time for appeal until entry of an order directly in response to the motion."); *see also Lapeyrouse v. Texaco, Inc.*, 670 F.2d 503, 505 (5th Cir. 1982) (recognizing criticism but making a case-specific finding that the trial court's final order impliedly granted a motion). But this case does not present us with a close call. In the facts of the instant action, the Rule 59(e) motions did not survive the district court's final judgment, so that the 30 days to appeal under Rule 4(a) began to run from the entry of

---

amend or make additional findings of fact] presented a substantial question and the motion is not disposed of, *either expressly or by necessary implication*, by the judgment" (emphasis added)).

judgment.

Accordingly, the Defendants' notice of appeal was not premature, and we have jurisdiction to consider their appeal.

IV

We now consider the Defendants' argument that the affidavits filed by Perez's attorneys were so inadequate and lacking in detail, and that the amount of attorneys' fees claimed by Perez was so outrageous, that any award of attorneys' fees was error. We review the district court's determination of attorneys' fees for abuse of discretion and its findings of fact supporting the award for clear error. *See Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990). We affirm the district court's award of attorneys' fees.

The Defendants offer no valid basis for the argument that the affidavits and records submitted by Perez's attorneys were so inadequate and lacking in detail as to make the district court's award an abuse of discretion. The Defendants cite *Von Clark* for the proposition that it is clear error to award any attorneys' fees where the attorneys fail to detail time spent on § 1983 claims as opposed to unsuccessful state law claims. *Von Clark* says nothing of the sort. To the contrary, the trial court in that case, in its discretion, severely *reduced*[4]--but nonetheless awarded--the attorneys' fees upon finding that the attorneys' time records did not sufficiently specify time spent on different

_____

4.  The attorneys in *Von Clark* requested $72,117.50 in fees and were awarded $12,500.

-7-

claims. *See Von Clark*, 916 F.2d at 257-58. We affirmed the trial court in *Von Clark.* If anything, the facts here provide an even greater basis for affirming. The trial court stated that Perez's attorneys' submissions, though deficient in many respects, were adequate for it to determine an award of attorneys' fees. The record evinces that the district court then carefully reviewed the factors specified by *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939 (1989), in reaching its determination as to a reasonable award of attorneys' fees. We see no clear error in the district court's factual determinations and no abuse of discretion in its application of *Johnson*.

This Court has recently recognized that a trial court may deny attorneys' fees altogether in the unusual circumstance that the request for fees submitted pursuant to 42 U.S.C. § 1988 is so excessive as to shock the conscience. *See Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 557-58 (5th Cir. 1998). The decision whether to do so lies within the discretion of the trial court. Although the amount of Perez's request for attorneys' fees seems to have been less than reasonable, nothing would indicate that we have here circumstances so extreme that the district court could be said to have abused its discretion in awarding the limited fees that it did.

Accordingly, we affirm the district court's award of $7,000 in attorneys' fees to Perez.

V

This Court has the power to direct an award of attorneys' fees to Perez for the time his attorneys spent protecting the fee award on appeal. *See, e.g.*, *Johnson v. State of Mississippi*, 606 F.2d 635, 638-39 (5th Cir. 1979); *Panior v. Iberville Parish School Bd.*, 543 F.2d 1117, 1119 n.4 (5th Cir. 1976). We decline to do so. The Defendants appealed a simple issue, i.e., whether the district court abused its discretion in awarding attorneys' fees at all. Perez responded by addressing eleven "restated issues" in a cross-appeal that was found to be untimely and that required the Defendants' attorneys to brief the timeliness issue. Each party has inflicted upon the other the necessity of addressing meritless issues. We consider their debts settled with this decision.

VI

The judgment of the district court is AFFIRMED. The Plaintiff/Appellee's cross-appeal is DISMISSED. Appellant-cross-appellee's motion to dismiss appeal is hereby MOOT in light of the opinion.